UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA CARTER,

        **Plaintiff,**

v.                                  **Case No.:**

MANATEE MEMORIAL HOSPITAL,
LIMITED PARTNERSHIP,

        **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, PATRICIA CARTER, by and through her undersigned counsel and sues the Defendant, MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP (hereinafter "Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, PATRICIA CARTER, is a resident of Manatee County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4.      At all times material, Defendant employed Plaintiff.  At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

5.      At all times material, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

6.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.      Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9.     Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on December 3, 2025.

11.     On December 15, 2025, Plaintiff received EEOC's Notice of Right to Sue related to Plaintiff's Charge of Discrimination.  This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

## FACTUAL ALLEGATIONS

12.     Plaintiff Patricia A. Carter ("Plaintiff") is a Pentecostal Christian and was employed by Defendant Manatee Memorial Hospital ("Defendant") as a PBX Operator beginning on or about July 8, 2019.

13.     Throughout her employment, Plaintiff satisfactorily performed her job duties and had no history of discipline related to attendance, performance, or scheduling.

14.     Plaintiff's sincerely held religious beliefs require her to attend Sunday church services, a practice she has consistently maintained throughout her employment.

15.     For several years prior to June 2025, Defendant accommodated Plaintiff's religious observance by scheduling her to work from approximately 9:00 p.m. to 7:30 a.m., Saturday through Tuesday, which allowed Plaintiff to attend Sunday church services without undue hardship or disruption to Defendant's operations.

16.     In or about June 2025, Defendant hired a new manager, Howard Rosen.

17.     While Plaintiff was on approved vacation in June 2025, Defendant unilaterally changed Plaintiff's work schedule without consulting her and without offering her the opportunity to select or bid on a schedule, despite allowing other employees to do so.

18.     Upon her return, Plaintiff learned that her schedule had been changed to 6:30 p.m. to 7:00 a.m. for three consecutive nights, a schedule that substantially interfered with her ability to attend Sunday church services and to obtain sufficient rest.

19.     The new schedule forced Plaintiff to remain awake for approximately twelve hours after obtaining only two and a half to three hours of sleep, adversely affecting her health, safety, and job performance.

20.    Plaintiff promptly notified Mr. Rosen via email that the new schedule conflicted with her religious observance and requested a schedule accommodation similar to the one she had successfully maintained for years.

21.    Mr. Rosen acknowledged Plaintiff's request and stated that he would discuss the matter with management but also indicated that he did not want to "interrupt anyone else's schedule" to accommodate Plaintiff's church attendance.

22.    Shortly thereafter, Mr. Rosen informed Plaintiff that the schedule would remain unchanged.

23.    Plaintiff then requested and completed a formal religious accommodation request through Defendant's Human Resources department.

24.    Plaintiff participated in multiple meetings with management and Human Resources, including meetings with Howard Rosen, Jeff Kridel, and Julie Brooks, during which Plaintiff reiterated that the schedule change substantially burdened her religious practice and was negatively impacting her health.

25.    On or about August 12, 2025, Defendant formally denied Plaintiff's religious accommodation request.

26.    Defendant's stated reason for denial was that Plaintiff "could still attend church," despite knowing that the schedule deprived Plaintiff of sufficient rest and imposed a significant burden on her religious practice.

27.    As a result of Defendant's refusal to accommodate her religious beliefs and the ongoing physical, mental, and emotional strain caused by the schedule, Plaintiff became overwhelmed and advised Human Resources that she felt as if they were trying to force her to resign.

28.    During the August 12, 2025, meeting, Defendant's Human Resources representative handed Plaintiff a pen and paper, encouraging her to resign immediately, despite Plaintiff stating that she was not resigning and wished to submit a written email documenting the retaliation she was receiving.

29.    On August 13, 2025, Plaintiff sought medical treatment and was diagnosed with medical conditions constituting disabilities under the Americans with Disabilities Act, and was prescribed medication.

30.    Plaintiff's healthcare provider advised that she required a leave of absence for one to two months due to her medical condition.

31.    Plaintiff's request for medical leave constituted a request for a reasonable accommodation under the Americans with Disabilities Act, which

Defendant failed to engage in or provide before unilaterally terminating Plaintiff's employment.

32.    That same day, Plaintiff applied for FMLA leave and received a case number confirming her application.

33.    On the morning of August 14, 2025, Plaintiff notified management via text message that she had been diagnosed with medical conditions, was under a doctor's care, and had applied for FMLA leave.

34.    Later that afternoon, Defendant's Human Resources representative contacted Plaintiff and stated that Defendant was "accepting her resignation," despite Plaintiff having never submitted a resignation.

35.    Plaintiff expressly informed Defendant that she had not resigned and intended to take medical leave.

36.    Plaintiff did not resign her employment. Defendant's decision to "accept" a resignation that Plaintiff never submitted constituted an involuntary termination of Plaintiff's employment.

37.    Nevertheless, Defendant treated Plaintiff as having resigned and thereby terminated her employment.

38.    On August 29, 2025, Plaintiff's FMLA request was approved.

39.     Despite the approval, Defendant subsequently cancelled Plaintiff's FMLA leave on September 16, 2025, after Plaintiff's employment had already been improperly ended.

40.     Defendant's actions deprived Plaintiff of reasonable religious accommodations and protected medical leave, and culminated in Defendant's involuntary termination of Plaintiff's employment shortly after she engaged in protected activity.

## COUNT I
## TITLE VII – RELIGIOUS DISCRIMINATION

41.     Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

42.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII")

43.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her religion, Pentecostal Christian, resulting in Plaintiff's termination.

44.     Defendant's adverse employment act toward Plaintiff was motivated by religious-based considerations.

45.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

46.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

47.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.     Back pay and benefits;

      b.     Prejudgment interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.     Punitive damages;

      f.     Attorneys' fees and costs;

      g.     Injunctive relief; and

      h.     For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – RELIGIOUS DISCRIMINATION

48.     Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

49.     Plaintiff is a member of a protected class under Florida Civil Rights Act.

50.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her religion, Pentecostal Christian, resulting in Plaintiff's termination in violation of the Florida Civil Rights Act

51.     Plaintiff's termination was motivated by religious-based considerations.

52.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

53.     Defendant's unlawful and discriminatory employment practices had the purpose and effect of depriving Plaintiff of equal employment opportunities because of her religion.

54.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

55.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.     Back pay and benefits;

      b.     Prejudgment interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.     Punitive damages;

      f.     Attorneys' fees and costs;

      g.     Injunctive relief; and

      h.     For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII – RETALIATION

56.     Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

57.     Plaintiff engaged in protected activity pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") by requesting that her religious beliefs be accommodated by Defendant.

58.     In retaliation for engaging in protected activity, Plaintiff was terminated from her position with Defendant.

59.     Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to her requests for religious accommodations.

60.     The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964.

61.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

62.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.      Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT—RETALIATION

63.    Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

64.    Plaintiff engaged in protected activity pursuant to the Florida Civil Rights Act by requesting that her religious beliefs be accommodated by Defendant.

65.    In retaliation for Plaintiff's engagement in protected activity, Plaintiff was terminated from her employment with Defendant.

66.    The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Chapter 760, *Florida Statutes*.

67.    Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

68.    Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

69.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

     a.    Back pay and benefits;

     b.    Prejudgment interest on back pay and benefits;

     c.    Front pay and benefits;

     d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

     e.    Punitive damages;

     f.    Attorneys' fees and costs;

     g.    Injunctive relief; and

     h.    For any other relief this Court deems just and equitable.

**COUNT V**
**AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 –**
**DISABILITY DISCRIMINATION**

70.     Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

71.     Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

72.     Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

73.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated Plaintiff because of her disability, record of a disability and/or perceived disability.

74.     Defendant failed to provide Plaintiff with a reasonable accommodation to its leave policy which resulted in Plaintiff's termination on the basis of her disability.

75.     The above-described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

76.    Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

77.    As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and for the following damages:

      a.    Back pay and benefits;

      b.    Prejudgment interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      e.    Punitive damages;

      f.    Attorney's fees and costs; and

      g.    For any other relief this Court deems just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

78.    Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

79.    Plaintiff is an individual entitled to protection under the Florida

Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

80.     Plaintiff is an individual with a disability.

81.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

82.     Defendant failed to provide Plaintiff with a reasonable accommodation to its leave policy which resulted in Plaintiff's termination on the basis of her disability.

83.     The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

84.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

85.     As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and for the following damages:

a.      Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

e.      Punitive damages;

f.      Attorney's fees and costs; and

g.      For any other relief this Court deems just and equitable.

<u>COUNT VII</u>
<u>FAMILY MEDICAL LEAVE ACT – INTERFERENCE</u>

86.      Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

87.      Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

88.      Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

89.      Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

90.    Plaintiff suffered from a serious health condition within the meaning of the FMLA.

91.    Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights among other actions. Specifically, Defendant failed to inform Plaintiff of her rights and responsibilities upon learning of Plaintiff's medical condition and after she requested accommodations for her serious health condition. Defendant further interfered with her rights by terminating Plaintiff after she requested leave protected by the FMLA.

92.    Defendant's actions constitute violations of the FMLA.

93.    As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Prejudgment interest on back pay and benefits;

c.    Front pay and benefits;

d.    Liquidated damages;

e.    Attorneys' fees and costs;

f.    Injunctive relief; and

g.     For any other relief, this Court deems just and equitable.

## COUNT VIII
## FAMILY MEDICAL LEAVE ACT – RETALIATION

94.     Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

95.     Defendant has retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for FMLA covered and protected time off was a substantial or motivating factor which resulted in Plaintiff's termination from her employment with Defendant.

96.     Defendant's actions constitute a violation of the FMLA.

97.     As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for the following damages against Defendant,

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

c.     Front pay and benefits;

d.     Liquidated damages;

e.     Attorneys' fees and costs;

f.     Injunctive relief; and

g.     For any other relief, this Court deems just and equitable.

## COUNT IX

## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMMODATE

98.    Plaintiff realleges and incorporates paragraphs 1 through 40 as though set forth fully herein.

99.    Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

100.    Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

101.    By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, including terminating her employment, and discriminated against Plaintiff because of her disability.

102.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Prejudgment interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering,

inconvenience, loss of enjoyment of life and humiliation;

e.    Attorneys' fees and costs;

f.    Injunctive relief; and

h.    For any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

103.   Plaintiff, PATRICIA CARTER, demands a trial by jury on all

issues so triable.

**DATED** this 2nd day of February, 2026.

**FLORIN | GRAY**

*/s/ Troy E. Longman, II*
**TROY E. LONGMAN, II, ESQ.**
Florida Bar No.: 1031921
tlongman@floringray.com
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*